IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-181 |
| | ) | |
| ROBERT BROADUS | ) | |

## O P I N I O N

DIAMOND, D.J.

On June 25, 2013, a grand jury returned a two-count indictment against defendant Robert Broadus ("defendant") charging him with the following: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin from in and around January, 2010, until in and around November, 2012, in violation of 21 U.S.C. §846 (Count One); and possession with intent to distribute 100 grams or more of heroin on or about January 30, 2013, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(i) (Count Two).

Presently before the court are the following pretrial motions filed by defendant: (1) Motion to Compel Production of Brady Material (Document No. 22); (2) Motion for Early Disclosure of Jencks Material (Document No. 23); and (3) Motion for Disclosure of the Identity of the Confidential Informant (Document No. 24). The government has filed an omnibus response to defendant's pretrial motions (Document No. 26). For the reasons stated herein, the motions will be granted in part and denied in part.

## Motion to Compel Production of Brady Material

Defendant has moved to compel the production of both exculpatory evidence and impeachment material relating to potential government witnesses as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. Defendant requests disclosure of this evidence "forthwith or . . . at least forty-five (45) days prior to trial." Defendant's motion will be granted in part and denied in part.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." <u>United States v. Ramos</u>, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "<u>Brady</u> doctrine."[1] <u>Id.</u>

In response to defendant's motion, the government indicates that it is unaware of any directly exculpatory evidence pertaining to defendant. According to the government, the only potentially exculpatory evidence is that the heroin which agents discovered during the search of defendant's home was not all located in his bedroom, but rather some of it was located in his father's bedroom. The government states that this information was revealed to defendant through

---

[1]In <u>Brady</u>, the Supreme Court held that the prosecution violates due process when it suppresses evidence favorable to the defendant that is material either to guilt or punishment. <u>Brady</u>, 373 U.S. at 87. Accordingly, the government has an obligation to disclose such evidence, <u>United States v. Moreno</u>, 727 F.3d 255, 262 (3d Cir. 2013), and "[t]his includes both directly exculpatory evidence and impeachment evidence." <u>United States v. Walker</u>, 657 F.3d 160, 184 (3d Cir. 2011)(citing <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985) (impeachment evidence, as well as exculpatory evidence, falls within <u>Brady</u> rule)).

AO 72
(Rev. 8/82)

evidence previously made available to him.

The government further has acknowledged its continuing obligation to provide defendant with exculpatory evidence if any such additional material is discovered. Accordingly, defendant's request to compel the production of exculpatory evidence will be granted in part, and the government shall turn over all information falling under Rule 16(a) and the Brady doctrine to the extent that any such information exists and has not already been provided to him. To the extent defendant's motion seeks to compel the production of information that does not fall within the scope of Rule 16(a), Brady or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, actual exculpatory evidence should be disclosed without undue delay. United States v. Kaplan, 554 F.2d 577, 580-81 (3d Cir. 1977) (delayed disclosure of exculpatory evidence is not desirable and not encouraged). Therefore, should government counsel discover the existence of any exculpatory Brady evidence, such evidence shall be disclosed to defendant immediately upon becoming aware of it.

While Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial," United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983), the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6). Given the nature of this case, disclosure of Brady impeachment material no later than three days prior to trial as the government suggests is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

AO 72
(Rev. 8/82)

Motion for Early Disclosure of Jencks Material

Defendant has filed a motion requesting that the government be ordered to disclose Jencks Act material 45 days prior to trial. This motion will be denied.

The Jencks Act requires the government to disclose any statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. See 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time a government witness has testified on direct examination at trial. However, the government has indicated it will provide defendant with Jencks Act material three days prior to trial, and the court believes that such disclosure is reasonable and will be sufficient to avoid any unnecessary trial interruptions. Accordingly, the court will enter an order encouraging, but not compelling, the government to provide any Jencks material to defendant three days prior to trial. See Maury, 695 F.3d at 248 n.18 (recognizing that "[d]espite [§3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies").

4

Motion for Disclosure of the Identity of the Confidential Informant

Defendant requests that the government disclose the identity of any confidential informants or requests that a hearing be held to determine whether identification of those individuals would be helpful to the defense. The motion for disclosure will be denied.

To encourage citizens to report criminal activity, the government has a "privilege to withhold from disclosure the identity of persons who furnish information" regarding illegal activity. Roviaro v. United States, 353 U.S. 53, 59 (1957). A defendant can overcome this privilege if he demonstrates that disclosure "is relevant and helpful to [his] defense" or "is essential to a fair determination" of his guilt. Id. at 60-61; United States v. Johnson, 302 F.3d 139, 148-49 (3d Cir. 2002). While such disclosure is required where "an informer's identity, or . . . the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," Roviaro, 353 U.S. at 60–61, it is the defendant's burden to demonstrate the need for disclosure. United States v. Jiles, 658 F.2d 194, 197 (3d Cir.1981).

Although in certain circumstances the government may have a duty to disclose the identity of a confidential informant who will not testify at trial, the Roviaro analysis is inapplicable where the witness will testify, United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002), and the government has no duty to disclose the identity of a testifying witness in that instance. See United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971) ("in no event is the Government required to divulge the identity of its witnesses in a noncapital case" ).

Here, defendant avers in his motion that he believes the confidential informants "are key witnesses and possibly active participants in the crime charged whose testimony would be significant in determining guilt or innocence." The government responds that it has provided

5

defense counsel with recordings of defendant and one of the confidential informants, who apparently is well known to him. The government further states that both confidential informants are likely trial witnesses, thus the government will disclose the requested information, including any criminal history information, at the time it provides Jencks material three days prior to trial. The court is satisfied that disclosure at that time is reasonable and will permit defendant the opportunity to investigate the criminal history of each witness and to prepare for cross-examination. Accordingly, defendant's motion to disclose the identity of confidential informants will be denied.

An appropriate order will follow.


Gustave Diamond
United States District Judge


Date: _November 1?, 2013_



cc:    Brendan T. Conway
       Assistant U.S. Attorney

       R. Blaine Jones, Esq.
       U.S. Steel Tower
       600 Grant Street, Suite 660
       Pittsburgh, PA 15219

AO 72
(Rev. 8/82)